**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

JANE DOE (J.R.F.), an individual,

          Plaintiff,

      v.

JINBO, LLC,
*doing business as*
Royal Suites Lodge,

         Defendant.

Case No. 3:24-cv-00291-SLG

## ORDER ON MOTION TO DISMISS

Before the Court at Docket 24 is Defendant Jinbo, LLC's Motion to Dismiss. Plaintiff Jane Doe (J.R.F.) responded in opposition at Docket 26. Defendant replied at Docket 27. Oral argument on the motion was not requested and was not necessary for the Court's determination. For the following reasons, the motion is GRANTED with leave to amend.

## BACKGROUND

Plaintiff initiated this action on December 31, 2024, pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA") against Defendant for its alleged role in facilitating Plaintiff's trafficking.[1] The allegations against Defendant, as pled in the Complaint and taken as true for the purposes of this motion to dismiss, are as follows:

---

[1] Docket 1.

Plaintiff Jane Doe (J.R.F.) is an Alaska resident who was sex trafficked at various times from 2003 through December 2014.[2] The Complaint alleges Plaintiff's trafficker used coercion and physical violence to force Plaintiff to engage in commercial sex acts for his financial gain.[3] Plaintiff's trafficking occurred in rooms at the Royal Suites Lodge in Anchorage, Alaska—a hotel "owned, operated, controlled, and/or managed" by Defendant.[4]

According to the Complaint, hotels are the primary venues where sex trafficking occurs.[5] Given the seriousness and prevalence of the problem, government agencies and advocacy organizations have dedicated significant resources to educating the hotel industry—including Defendant—on how to identify and respond to signs of sex trafficking.[6] These signs, or "red flags," are well-known, follow established patterns, and can be easily detected by properly trained hotel staff.[7] Plaintiff alleges that "Defendant had a responsibility to adopt, implement, and adequately enforce policies to avoid facilitating sex trafficking and to train hotel staff to identify and respond to 'red flags' of sex trafficking."[8] But

---

[2] Docket 1 at ¶¶ 9, 15.

[3] Docket 1 at ¶ 15.

[4] Docket 1 at ¶¶ 12, 16.

[5] Docket 1 at ¶ 20.

[6] Docket 1 at ¶¶ 21-25.

[7] Docket 1 at ¶¶ 22-24, 39, 43.

[8] Docket 1 at ¶¶ 33.

Case No. 3:24-cv-00291-SLG, *Doe v. Jinbo, LLC*
Order on Motion to Dismiss
Page 2 of 15

Case 3:24-cv-00291-SLG    Document 30    Filed 05/07/26    Page 2 of 15

Plaintiff alleges Defendant instead "chose[] to continue to benefit from sex trafficking of victims like [Plaintiff]."[9]

In addition to industry-wide awareness, Plaintiff alleges Defendant had both actual and constructive knowledge of sex trafficking at Royal Suites Lodge based on "obvious signs."[10] According to the Complaint, Defendant was specifically aware and also knew or should have known that "sex trafficking was widespread and ongoing at the Royal Suite[s] Lodge."[11] Sex traffickers, including Plaintiff's trafficker, repeatedly used the Royal Suites Lodge because Defendant's policies and practices created an environment conducive to trafficking, as hotel staff allegedly ignored obvious indicators of trafficking.[12] During the period Plaintiff was trafficked at the Royal Suites Lodge, Plaintiff alleges that she presented multiple "red flags" that are well-recognized in the hospitality industry as signs indicating that Plaintiff was being trafficked at the Royal Suites Lodge.[13] Plaintiff's trafficker was "often present with [her] at check-in and would linger around the hotel or in the parking lot while [Plaintiff] was with a john."[14] Even though Plaintiff and her

---

[9] Docket 1 at ¶ 34.

[10] Docket 1 at ¶¶ 39, 41, 45, 49-50, 52.

[11] Docket 1 at ¶¶ 36-37.

[12] Docket 1 at ¶¶ 39-43, 45, 48-50, 52, 57, 63, 65, 67.

[13] Docket 1 at ¶¶ 39, 43, 47-49.

[14] Docket 1 at ¶ 49.

Case No. 3:24-cv-00291-SLG, *Doe v. Jinbo, LLC*
Order on Motion to Dismiss
Page 3 of 15

trafficker would stay for multiple nights at the hotel, housekeeping was kept away.[15] There was a high volume of men entering and exiting Plaintiff's room who were not hotel guests, who would arrive and depart at unusual hours and remain at the hotel only briefly.[16]

On the basis of these allegations, Plaintiff brings two causes of action. The first cause of action alleges that Defendant has perpetrator liability under the TVPRA.[17] The second cause of action alleges that Defendant has beneficiary liability under the TVPRA as a result of its participation in an unlawful venture.[18]

Although Plaintiff's causes of action would largely appear to be facially foreclosed by the 10-year statute of limitations under the TVPRA, the Complaint alleges that Plaintiff is entitled to invoke the discovery rule, the doctrine of equitable tolling, and/or the continuing tort doctrine (also known as the continuing violation doctrine).[19] In this regard, Plaintiff alleges that "[a]t the time she was harmed and through at least December 2014, [Plaintiff] was under coercion and control of traffickers who abused and manipulated her" and so she "did not discover and could not reasonably have discovered the legal cause of her injuries more than ten

---

[15] Docket 1 at ¶ 49.

[16] Docket 1 at ¶ 49.

[17] Docket 1 at ¶¶ 77-79; *see* 18 U.S.C. §§ 1591, 1595(a).

[18] Docket 1 at ¶¶ 80-82.

[19] Docket 1 at ¶¶ 83-88.

Case No. 3:24-cv-00291-SLG, *Doe v. Jinbo, LLC*
Order on Motion to Dismiss
Page 4 of 15
Case 3:24-cv-00291-SLG    Document 30    Filed 05/07/26    Page 4 of 15

years before she filed this lawsuit."[20]  Plaintiff also alleges that as "as a result of being a victim of trafficking, [she] faced extraordinary circumstances, which arose through no fault of her own, that prevented her from pursuing her legal remedies."[21] And Plaintiff alleges that her "continuous trafficking resulted from Defendant's continuous facilitating of trafficking at the [Royal Suites Lodge] and Defendant's ongoing venture with criminal traffickers."[22]

## LEGAL STANDARD

A party may seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for a complaint's "failure to state a claim for which relief can be granted."  "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[23]  Nonetheless, "the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations."[24]

---

[20] Docket 1 at ¶ 83.

[21] Docket 1 at ¶ 85.

[22] Docket 1 at ¶ 88.

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[24] *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).

Case No. 3:24-cv-00291-SLG, *Doe v. Jinbo, LLC*
Order on Motion to Dismiss
Page 5 of 15
Case 3:24-cv-00291-SLG    Document 30    Filed 05/07/26    Page 5 of 15

When a motion to dismiss for failure to state a claim is granted, a court "should freely give leave when justice so requires."[25]  However, "leave may be denied if amendment of the complaint would be futile."[26]  Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[27]

## DISCUSSION

18 U.S.C. § 1595(c) provides that a TVPRA action must be initiated no later than the latter of "10 years after the cause of action arose" or "10 years after the victim reaches 18 years of age, if the victim was a minor at the time of the alleged offense."  Here, Plaintiff alleges that "[h]er trafficking began around 2003 and continued through December 2014."[28]  The Complaint in this case was filed on December 31, 2024; nowhere in the Complaint does Plaintiff plead that she turned 18 years of age after December 31, 2014.[29]  Accordingly, unless an exception applies, Plaintiff's claims are foreclosed to the extent they are premised on any trafficking activity that occurred prior to December 31, 2014.

---

[25] Fed. R. Civ. P. 15(a).

[26] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[27] *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[28] Docket 1 at ¶ 15.

[29] *See generally* Docket 1.

Case No. 3:24-cv-00291-SLG, *Doe v. Jinbo, LLC*
Order on Motion to Dismiss
Page 6 of 15

Defendant seeks dismissal of the Complaint because, in Defendant's view, "it is clear from the face of the Complaint that Plaintiff's claims are untimely under the statute of limitations for TVPRA claims."[30] Plaintiff responds that "[b]ecause Plaintiff filed this action within ten years of the last alleged act of trafficking, her claims are timely under the continuing tort doctrine" and "even if the Court were to consider accrual earlier than December 2014, Plaintiff plausibly alleges facts supporting both equitable tolling and delayed accrual under the discovery rule."[31]

As to the continuing tort doctrine, Plaintiff contends that her "claims are timely under the continuing tort doctrine because the alleged trafficking and facilitation constituted an ongoing course of wrongful conduct that did not conclude until December 2014."[32] Plaintiff acknowledges that "the Ninth Circuit has not yet definitively ruled on the doctrine's application to TVPRA claims," but notes that several district courts, in unpublished opinions, have found that the rule applies to TVPRA claims.[33]

---

[30] Docket 25 at 11.

[31] Docket 26 at 17-18.

[32] Docket 26 at 19.

[33] Docket 26 at 20 (citing *Doe A. v. Seatac Hotels LLC*, Case No. C24-1270 MJP, 2025 WL 474233, at *6 (W.D. Wash. Feb. 12, 2025); *A.B. v. Interstate Mgmt. Co., LLC*, Case No. 3:23-cv-00388-IM, 2024 WL 5264652, at *3–4 (D. Or. Dec. 31, 2024); *Schneider v. OSG, LLC*, Case No. 22-cv-7686, 2024 WL 1308690, at *5 (E.D.N.Y. Mar. 27, 2024); *J.M. v. Choice Hotels Int'l, Inc.*, Case No. 2:22-cv-00672-KJM-JDP, 2022 WL 10626493, at *6 (E.D. Cal. Oct. 18, 2022); *Headley v. Church of Scientology Int'l*, Case No. CV 09-3987 DSF, 2009 WL 10671965, at *6 (C.D. Cal. Aug. 12, 2009)).

Case No. 3:24-cv-00291-SLG, *Doe v. Jinbo, LLC*
Order on Motion to Dismiss
Page 7 of 15
Case 3:24-cv-00291-SLG   Document 30   Filed 05/07/26   Page 7 of 15

"The continuing violation doctrine is an exception to the discovery rule of accrual which allows a plaintiff to seek relief for events outside of the limitations period 'as long as the last act evidencing the continuing practice falls within the limitations period.'"[34]  Prior to 2002, the Ninth Circuit had broadly applied the continuing violation doctrine to plaintiffs that had been subjected to a series of related acts, one or more of which fell within the limitations period.[35]  In 2002, the Supreme Court in *National Railroad Passenger Corp. v. Morgan* ruled that the Ninth Circuit's application of the continuing violation doctrine to "serial violations" consisting of discrete acts was unduly expansive.[36]  The Supreme Court held that the doctrine could be applied to "hostile environment" workplace claims, where the very nature of the claim requires repeated conduct, but was not properly applicable to "[d]iscrete acts," such as "termination, failure to promote, denial of transfer, or refusal to hire" that are actionable on their own.[37]

The distinction drawn by the Supreme Court in *Morgan* has resulted in several district courts in this Circuit holding that the continuing violation doctrine is

---

[34] *Doe v. G6 Hosp., LLC*, Case No. 2:24-cv-01235-RSL, 2025 WL 1167550, at *4 (W.D. Wash. Apr. 22, 2025) (quoting *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 746 (9th Cir. 2019)).

[35] *See, e.g.*, *Morgan v. Nat'l R.R. Passenger Corp.*, 232 F.3d 1008, 1016 (9th Cir. 2000), *aff'd in part, rev'd in part*, 536 U.S. 101 (2002); *Gutowsky v. County of Placer*, 108 F.3d 256, 259 (9th Cir. 1997).

[36] 536 U.S. 101, 114 (2002).

[37] *Id.* at 114; *see also Bird*, 935 F.3d at 748 (noting that after the Supreme Court's holding in *Morgan*, "little remains of the continuing violations doctrine" in the Ninth Circuit "except for a limited exception for hostile work environment claims").

Case No. 3:24-cv-00291-SLG, *Doe v. Jinbo, LLC*
Order on Motion to Dismiss
Page 8 of 15

not applicable to TVPRA claims.[38]  As the district court in *Doe v. G6 Hospitality* explained:

> [A] hotelier's knowledge (or reckless disregard) of the fact that its hotel rooms are being used for sex trafficking and/or its knowing participation in a venture engaged in sex trafficking may develop through a series of acts and over a period of time. But once the requisite knowledge exists, each act of "harboring" or each receipt of a benefit from the sex trafficking venture is actionable under 18 U.S.C. § 1591(a). That the unlawful conduct is repeated does not stall the running of the limitations period or make all subsequent trafficking episodes part of a single illegal act. Each discrete, actionable act starts a new clock for filing a lawsuit alleg[ing] that act.[39]

Here, the Court similarly finds that the continuing violation doctrine does not apply to Plaintiff's TVPRA claims.  Rather, each alleged act of sex trafficking at the Royal Suites Lodge constitutes a discrete, actionable tort.  Accordingly, Plaintiff's claims as alleged in the Complaint fall outside the statute of limitations to the extent they are brought for conduct occurring prior to December 31, 2014.

This leaves the issue of whether Plaintiff has adequately stated claims against Defendant for harm occurring on December 31, 2014.  Because of the lack of specificity in the Complaint as presently alleged, the Court cannot conclude that Plaintiff has stated a claim against Defendant for conduct on that one day.  Plaintiff

---

[38] *See Doe v. Six Continents Hotels Inc.*, Case No. CV 24-11219-MWF, 2025 WL 2020003, at *5 (C.D. Cal. June 26, 2025) (holding that the continuing tort doctrine does not apply to TVPRA claims); *G6 Hosp.*, 2025 WL 1167550, at *4-*5 (same); *Christina T. v. Bellagio LLC*, Case No. 2:25-CV-145 JCM (DJA), 2025 WL 2962780, at *3 (D. Nev. Oct. 17, 2025) (same); *Marcy C. v. MGM Resorts Int'l*, Case No. 2:24-cv-2027 JCM (MDC), 2025 WL 3187434, at *3 (D. Nev. Nov. 13, 2025). *But see Doe A.*, 2025 WL 474233, at *6 (declining to dismiss TVPRA claim on statute of limitations grounds due to the continuing tort doctrine); *A.B.*, 2024 WL 5264652, at *4 (same).

[39] *G6 Hosp.*, 2025 WL 1167550, at *5 (first citing *Morgan*, 536 U.S. at 114; and then citing *Bird*, 935 F.3d at 747).

Case No. 3:24-cv-00291-SLG, *Doe v. Jinbo, LLC*
Order on Motion to Dismiss
Page 9 of 15

Case 3:24-cv-00291-SLG    Document 30    Filed 05/07/26    Page 9 of 15

alleges that "[h]er trafficking began around 2003 and continued through December 2014," and that she "was trafficked at the Royal Suite[s] Lodge" "[a]t various times and in an ongoing manner between 2008 through December 2014."[40] These allegations do not indicate whether any trafficking activity involving Plaintiff took place at the Royal Suites Lodge on December 31, 2014. Even if the Court accepts that the above allegation was meant to indicate that Plaintiff was trafficked at the Royal Suites Lodge on December 31, 2014, the Complaint does not allege what wrongful conduct was undertaken by Defendant on that particular day (for instance, by observing and ignoring "red flags").

As to Defendant's actions prior to December 31, 2014, in her response to Defendant's motion, Plaintiff maintains that she is entitled to equitable tolling because, as a result of the "severe physical violence, sexual assault, and psychological manipulation" she was subjected to "throughout her trafficking—and for years thereafter," "she experienced lingering impairments, including confusion, memory lapses, and an inability to understand the nature of her experiences or recognize that she had legal claims."[41] However, the only allegation in Plaintiff's Complaint regarding equitable tolling is that "as a result of being a victim of trafficking, [she] faced extraordinary circumstances, which arose through no fault of her own, that prevented her from pursuing her legal remedies including but not

---

[40] Docket 1 at ¶ 15.

[41] Docket 26 at 18.

Case No. 3:24-cv-00291-SLG, *Doe v. Jinbo, LLC*
Order on Motion to Dismiss
Page 10 of 15

limited to the filing of a lawsuit, and those circumstances did not end more than 10 years before [she] filed this lawsuit."[42]  In Plaintiff's view, "[t]hese allegations plausibly establish extraordinary circumstances that prevented Plaintiff from filing earlier despite reasonable diligence."[43]  Defendant responds that "Plaintiff does not assert in the Complaint that she faced extraordinary circumstances or ever diligently pursued her rights."[44]

Equitable tolling requires a plaintiff to show "'(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstances stood in [her] way and prevented timely filing.'"[45]  A plaintiff must demonstrate that she has been "reasonably diligent in pursuing [her] rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing [her] claim in federal court."[46]  And "it is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy."[47]

---

[42] Docket 1 at ¶ 85.

[43] Docket 26 at 18.

[44] Docket 27 at 11.

[45] *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida,* 560 U.S. 631, 649 (2010)).

[46] *Smith v. Davis*, 953 F.3d 582, 599 (9th Cir. 2020) (en banc).

[47] *Id.* at 600.

Case No. 3:24-cv-00291-SLG, *Doe v. Jinbo, LLC*
Order on Motion to Dismiss
Page 11 of 15

The Court agrees with Defendant that the Complaint does not satisfy Plaintiff's burden to allege plausible facts that if proven would show that she had been pursuing her rights diligently and that extraordinary circumstances existed such that equitable tolling should apply in this case.

As to the discovery rule, Plaintiff maintains that her allegations that "through at least December 2014 she remained under the control and psychological domination of her trafficker and did not recognize herself as a trafficking victim . . . plausibly establish that Plaintiff neither knew nor could reasonably have known of her injury or its causal connection to Defendant[] until years after the trafficking ended."[48]  Further, in Plaintiff's view, "[d]etermining when Plaintiff discovered, or reasonably should have discovered, her injury and its cause is a mixed question of law and fact that cannot be resolved at the pleading stage."[49]  Defendant responds that the discovery rule does not apply to TVPRA claims.[50]

"Under [the discovery rule], accrual is delayed until the plaintiff has discovered [her] cause of action."[51]  "The discovery rule exists in part to preserve the claims of victims who do not know they are injured and who reasonably do not

---

[48] Docket 26 at 19.

[49] Docket 26 at 19.

[50] Docket 27 at 11-12 (quoting *C.C. v. Rashid*, Case No. 2:23-cv-02056-GMN-BNW, 2025 WL 1785273, at *5 (D. Nev. June 26, 2025)).

[51] *Gabelli v. SEC*, 568 U.S. 442, 449 (2013) (internal quotation marks and citation omitted).

Case No. 3:24-cv-00291-SLG, *Doe v. Jinbo, LLC*
Order on Motion to Dismiss
Page 12 of 15

inquire as to any injury."[52]  "Usually when a private party is injured, [she] is immediately aware of that injury and put on notice that [her] time to sue is running."[53] "But when the injury is self-concealing, private parties may be unaware that they have been harmed."[54]

The Court finds that it need not determine whether the discovery rule applies to TVPRA claims because Plaintiff's Complaint fails to plausibly allege that her injury is self-concealing such that the rule would apply here.  Even if Plaintiff was unaware that what was occurring to her constituted "trafficking" such that the TVPRA might apply to her, Plaintiff was aware that she was being harmed by being forced "to engage in commercial sex for [her trafficker's] financial benefit," as the Complaint alleges that she "was terrified to leave as she was scared of what physical harm, he could cause her if she did."[55]

The Court thus finds that Plaintiff's Complaint fails to state a claim upon which relief could be granted.

---

[52] *Id.* at 450.

[53] *Id.*

[54] *Id.*

[55] Docket 1 at ¶ 15.

Case No. 3:24-cv-00291-SLG, *Doe v. Jinbo, LLC*
Order on Motion to Dismiss
Page 13 of 15

## LEAVE TO AMEND

Rule 15 requires that leave to amend "be freely given when justice so requires."[56] "This policy is to be applied with extreme liberality."[57] The Supreme Court has identified five factors a court should consider when deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint.[58] Of these, "the consideration of prejudice to the opposing party carries the greatest weight."[59] Here, there is no evidence of bad faith, amendment would be unlikely to cause undue delay, no prejudice to Defendant has been shown, and Plaintiff has not previously amended her complaint.

The Court also does not find that amendment would be futile. As to single day facially within the statute of limitations, Plaintiff may be able provide more specific allegations to give Defendant clearer notice of a viable claim on that date. And, although Plaintiff has not yet done so, she could conceivably plead facts to support a finding that the statute of limitations has not run on certain pre-December 31, 2014 conduct. For example, Plaintiff may be able to plead that she turned 18

---

[56] Fed. R. Civ. P. 15(a)(2).

[57] *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation omitted) (citing *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001)).

[58] *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

[59] *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Cap.*, LLC, 316 F.3d at 1052; *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (indicating a court should explain reasons for denying leave to amend).

Case No. 3:24-cv-00291-SLG, *Doe v. Jinbo, LLC*
Order on Motion to Dismiss
Page 14 of 15

Case 3:24-cv-00291-SLG    Document 30    Filed 05/07/26    Page 14 of 15

years of age after December 31, 2014, and is therefore not subject to the statute of limitations discussed here. Plaintiff may also be able to plead specific facts that are not inconsistent with the original Complaint that would demonstrate her entitlement to the benefit of the discovery rule and/or equitable tolling.

## CONCLUSION

Therefore, IT IS ORDERED that Defendant's Motion to Dismiss at Docket 24 is GRANTED and that Plaintiff is accorded leave to amend. Plaintiff may file a First Amended Complaint ("FAC") **within 30 days of the date of this order**. Failure to file an FAC by that date will be deemed a decision by Plaintiff to stand upon the existing allegations and the Court will then dismiss this action for failure to state a claim.

Defendants shall file an Answer or otherwise respond to the FAC within 21 days of the date the FAC is filed.

DATED this 7th day of May, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00291-SLG, *Doe v. Jinbo, LLC*
Order on Motion to Dismiss
Page 15 of 15
Case 3:24-cv-00291-SLG    Document 30    Filed 05/07/26    Page 15 of 15